UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINI BOONE,

    Plaintiff,

v.

WASHINGTON DEPARTMENT OF
SOCIAL AND HEALTH SERVICES, *et al.*,

    Defendants.

Case No. C06-857RSL

ORDER TO SHOW CAUSE

On June 28, 2006, the court granted plaintiff's motion to proceed *in forma pauperis*. Plaintiff's complaint, however, suffers from several deficiencies. First, it does not comply with the requirements of Fed. R. Civ. P. 8(a).[1] Plaintiff's complaint is merely two numbered lists of legal claims without any statement of the facts underlying those claims. In order to state a claim, plaintiff must identify how each defendant's conduct violated her rights. Furthermore, although plaintiff's civil cover sheet lists Kathy Cox and Dan Reagil as defendants, the complaint does not contain any allegations against them. Accordingly, plaintiff must file an amended complaint that complies with Fed. R. Civ. P. 8(a) that specially identifies the

---

[1] Fed. R. Civ. P. 8(a) states, in relevant part:
A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

ORDER TO SHOW CAUSE

1  defendants, states the facts (such as the nature and extent of the defendants' conduct) that give
2  rise to her claims against each one of the defendants, states legal claims showing plaintiff is
3  entitled to relief, and states a demand for judgment of the relief plaintiff seeks.

4        Second, plaintiff has named as defendants the Bothell Police Department, the City of
5  Bothell, the Redmond Police Department, the City of Redmond, and Snohomish County (the
6  "municipal defendants").  Although the complaint is devoid of factual allegations, it is possible
7  that plaintiff's claims against the municipal defendants are based on the acts of their employees.
8  The acts of a subordinate employee are generally insufficient to create municipal liability under
9  Section 1983.  See Pembauer v. City of Cincinnati, 475 U.S. 469, 481 (1986).  Rather, "it is
10 when execution of a government's policy or custom, whether made by its lawmakers or by those
11 whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the
12 government as an entity is responsible under § 1983."  Monell v. Department of Social Servs.,
13 436 U.S. 658, 694 (1978).  If plaintiff intends to assert claims against the municipal defendants
14 based on the acts of subordinate employees, she must state whether those employees' actions
15 were pursuant to an official policy or custom.

16       Third, Boone filed a previous lawsuit raising similar allegations against some of the same
17 defendants.  Boone v. Department of Social & Health Servs., C04-604RSL (W.D. Wash. 2004)
18 ("Boone I").  The City of Bothell was also named as a defendant in Boone I, and plaintiff's
19 claims against it were dismissed with prejudice because they were barred by the statute of
20 limitations.  If plaintiff seeks to assert timely claims against the City of Bothell, she should
21 specify the date(s) of any alleged wrongdoing.  The Court in Boone I also dismissed plaintiff's
22 claims against the Washington Department of Social and Health Services ("DSHS") because it is
23 a state agency and is immune from suit in federal court based on the Eleventh Amendment.  If
24 plaintiff seeks to assert claims against DSHS and/or Child Protective Services in her new
25 lawsuit, she must state why those claims are not similarly barred by the Eleventh Amendment.

26       Finally, plaintiff states in her complaint that she "wants to file a motion to withdraw [her]
appeal."  Plaintiff's appeal in Boone I was dismissed by the Court of Appeals on October 17,

ORDER TO SHOW CAUSE               -2-

1  2005.

2  Boone must file an amended complaint within 30 days of the date of this Order. The
3 amended complaint will supercede the original complaint. Failure to adequately respond may
4 result in the dismissal of Boone's complaint without prejudice. The Clerk of the Court is
5 directed to place this Order to Show Cause on the Court's calendar for August 18, 2006.

7  DATED this 17th day of July, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge