1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOMINI BOONE,

            Plaintiff,

    v.

WASHINGTON DEPARTMENT OF
SOCIAL AND HEALTH SERVICES, *et al.*,

            Defendants.

Case No. C06-857RSL

ORDER DENYING MOTION TO
COMPEL AND DISMISSING CASE

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to compel discovery and on the Court's Order to Show Cause. Plaintiff filed her complaint in June 2006. In July 2006, the Court issued an order to show cause why the complaint should not be dismissed based on several serious deficiencies. The Court ordered plaintiff to file an amended complaint within 30 days of the date of the order or face dismissal. Since that time, plaintiff has requested, and the Court has granted, four extensions of time to file an amended complaint. Pursuant to the last extension, plaintiff was required to file an amended complaint by December 4, 2006, but she has not done so. Instead, on November 30, 2006, plaintiff filed a motion to compel discovery and for another extension of time to file an amended complaint.

## II. DISCUSSION

**A.      The Motion to Compel.**

On October 24, 2006, plaintiff's counsel faxed Plaintiff's First Requests for Production of Documents to Defendant Washington Department of Social and Health Services ("DSHS") to counsel for DSHS.  The request sought copies of all of DSHS's documents regarding plaintiff and/or Zaiah Lippman Boone.  DSHS's counsel refused to produce the documents.  Although counsel conferred as required by Local Rule 37, they were unable to resolve the matter.

"[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d).  The Court has not ordered the parties to confer or exchange initial disclosures because plaintiff has not yet filed a valid complaint in this matter.  For the same reason, plaintiff has not shown good cause for early discovery.  At a minimum, a plaintiff should be able to state the basic facts and her legal claims when filing a lawsuit.  She should not, as plaintiff has done here, file a lawsuit, then attempt to use the discovery process to fish for potential legal theories and the facts to support them.  These principles apply to all plaintiffs, including individuals who, like Boone, file their complaints *pro se*.

Furthermore, after plaintiff's counsel appeared on her behalf, he filed a request for a fourth extension to review two boxes of documents plaintiff provided to him as well as documents from the Superior Court cases and police records.  Counsel has not explained why those records, coupled with his client's own knowledge, are inadequate to draft a basic complaint.  Nor has counsel explained what he seeks to learn from DSHS's files.  The notice pleading standard is not high, and plaintiff's burden at this stage is not onerous.

There are additional reasons not to subject defendants to the burden and expense of early discovery.  This case has been pending since June 2006, plaintiff has been granted four extensions already, and defendants are entitled to an expeditious resolution of this case.  Also, as set forth in the order to show cause, the City of Bothell and DSHS were also named defendants in plaintiff's prior lawsuit, <u>Boone v. Department of Social & Health Servs.</u>, C04-604RSL (W.D. Wash. 2004) ("Boone I").  Plaintiff's claims against those defendants were dismissed in Boone

I. Although the order to show cause required plaintiff to explain why she has sued those defendants again despite the prior dismissal, she has not done so. Accordingly, plaintiff has not shown good cause to conduct early discovery. Her motion to compel is denied.

**B.      The Order to Show Cause.**

Plaintiff has not cured any of the deficiencies identified in the order to show cause. As that order explained, the complaint does not comply with the requirements of Fed. R. Civ. P. 8(a). Plaintiff's complaint is merely two numbered lists of legal claims without any statement of the facts underlying those claims. Furthermore, although plaintiff's civil cover sheet lists Kathy Cox and Dan Reagil as defendants, the complaint does not contain any allegations against them.

As for defendants the Bothell Police Department, the City of Bothell, the Redmond Police Department, the City of Redmond, and Snohomish County, plaintiff has not alleged that their liability is based on actions undertaken pursuant to an official policy or custom. Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). As set forth above, plaintiff has not explained why her claims against the City of Bothell and DSHS should be allowed to proceed despite their dismissal in Boone I. It appears that her claims against the City of Bothell are barred by the statute of limitations, and her claims against DSHS and Child Protective Services are barred by the Eleventh Amendment.

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion to compel (Dkt. #26) and DISMISSES plaintiff's complaint.

DATED this 20th day of December, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge